THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:08-CV-500-FL

| | |
|---|---|
| SUSAN G. YUREK, ) | |
| ) | |
| Plaintiff/Claimant, ) | |
| ) | |
| v. ) | **MEMORANDUM AND** |
| ) | **RECOMMENDATION** |
| MICHAEL J. ASTRUE, Commissioner ) | |
| of Social Security, ) | |
| ) | |
| Defendant. ) | |

This matter comes before this Court on the motion of Plaintiff Susan G. Yurek ("Plaintiff") for attorney's fees and costs pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). [DE-27]. Plaintiff seeks $4,812.00 in fees and costs for the work of her counsel in her instant appeal. *Id.* The Commissioner of Social Security ("Commissioner") has challenged Plaintiff's entitlement to an award and, alternatively, the amount of fees and costs sought by Plaintiff. [DE-29]. The matter is fully briefed and ripe for review. The parties have not consented to the jurisdiction of the magistrate judge; therefore, the motion is considered here as a recommendation to the District Court. *See* 28 U.S.C. § 636(b)(1)(B); *see also* Local Civil Rule 72.3(c). For the reasons set forth below, this Court recommends that Plaintiff's motion for attorney's fees and expenses be denied.

## I. BACKGROUND

In the underlying litigation, Plaintiff challenged the final decision of the Commissioner denying her application for a period of disability and Disability Insurance Benefits ("DIB") payments. Plaintiff filed an application for DIB payments on March 7, 2006, alleging disability

beginning September 5, 2005. Her claim was denied initially and upon reconsideration. A hearing before the Administrative Law Judge ("ALJ") was held on March 8, 2007. On March 22, 2007, the ALJ issued a decision denying Plaintiff's request for benefits. On July 29, 2008, the Appeals Council denied Plaintiff's request for review. Plaintiff then filed a complaint in federal court seeking review of a final administrative decision.

On 1 September 2009, the district court adopted the Memorandum and Recommendation ("M&R") of the undersigned and remanded the case to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings with regard to the ALJ's questioning of the VE as required by Social Security Ruling ("S.S.R.") 00-4p. In particular, the district court held that there was an apparent conflict between the ALJ's prescribed limitation that Plaintiff could perform only simple, routine, repetitive work and the Dictionary of Occupational Titles ("DOT") reasoning level of the jobs identified by the VE which Plaintiff could perform. Accordingly, the district court remanded the matter to the ALJ to address the conflict between the jobs identified by the VE and the DOT's classification of those jobs. [DE-24, 25]; *Yurek v. Astrue*, No. 5:08-CV-500-FL, 2009 U.S. Dist. LEXIS 78922, at *33, 2009 WL 2848859, at *9 (E.D.N.C. Sep. 2, 2009).

## II. DISCUSSION

Plaintiff argues that in light of the regulatory requirement applicable to the vocational issue, the Commissioner's position in making and defending his decision to deny Plaintiff benefits was not substantially justified. In response, the Commissioner contends his position in this litigation was substantially justified in defending this matter because (1) the remanded issue was a matter of first impression thus the Commissioner did not know whether the court would

2

beginning September 5, 2005. Her claim was denied initially and upon reconsideration. A hearing before the Administrative Law Judge ("ALJ") was held on March 8, 2007. On March 22, 2007, the ALJ issued a decision denying Plaintiff's request for benefits. On July 29, 2008, the Appeals Council denied Plaintiff's request for review. Plaintiff then filed a complaint in federal court seeking review of a final administrative decision.

On 1 September 2009, the district court adopted the Memorandum and Recommendation ("M&R") of the undersigned and remanded the case to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings with regard to the ALJ's questioning of the VE as required by Social Security Ruling ("S.S.R.") 00-4p. In particular, the district court held that there was an apparent conflict between the ALJ's prescribed limitation that Plaintiff could perform only simple, routine, repetitive work and the Dictionary of Occupational Titles ("DOT") reasoning level of the jobs identified by the VE which Plaintiff could perform. Accordingly, the district court remanded the matter to the ALJ to address the conflict between the jobs identified by the VE and the DOT's classification of those jobs. [DE-24, 25]; *Yurek v. Astrue*, No. 5:08-CV-500-FL, 2009 U.S. Dist. LEXIS 78922, at *33, 2009 WL 2848859, at *9 (E.D.N.C. Sep. 2, 2009).

## II. DISCUSSION

Plaintiff argues that in light of the regulatory requirement applicable to the vocational issue, the Commissioner's position in making and defending his decision to deny Plaintiff benefits was not substantially justified. In response, the Commissioner contends his position in this litigation was substantially justified in defending this matter because (1) the remanded issue was a matter of first impression thus the Commissioner did not know whether the court would

agree with the Commissioner's position and (2) the court affirmed the remaining four issues appealed by Plaintiff in the underlying matter.[1] Def.'s Opp'n to Pl.'s Pet. at 4-5 ("Def.'s Opp'n").

## A. The Equal Access to Justice Act

Under the EAJA, a private litigant, as a prevailing party against the United States, is presumptively entitled to attorney's fees and costs unless the position of the United States was substantially justified or special circumstances would make the award unjust. 28 U.S.C. § 2412(d)(1)(A); *accord Hyatt v. Barnhart*, 315 F.3d 239, 244 (4th Cir. 2002). The EAJA's applicability to social security appeals before the district court is well established. *See Guthrie v. Schweiker*, 718 F.2d 104, 107 (4th Cir. 1988). Pursuant to 28 U.S.C. § 2412(d)(1)(B), a fee application must be filed within thirty days of a court's final judgment and must satisfy the following requirements: (1) a showing that the applicant is a "prevailing party;" (2) a statement of the amount sought, with an accompanying itemization; and (3) an "alleg[ation] that the position of the [Commissioner] was not substantially justified." 28 U.S.C. § 2412(d)(1)(B); *Scarborough v. Principi*, 541 U.S. 401, 405 (2004).

The parties do not dispute that Plaintiff timely filed her instant motion pursuant to 28 U.S.C. § 2412(d)(1)(B). Also, Plaintiff's action was remanded pursuant to sentence four of 42 U.S.C. § 405(g) and the Commissioner does not dispute that Plaintiff is a prevailing party under

---

[1] The Commissioner cites no authority for the proposition that prevailing on a <u>majority</u> of his claims renders his decision to litigate <u>all</u> claims as "substantially justified." The mere fact that only one of Plaintiff's arguments proved persuasive is not evidence that the Commissioner's position was substantially justified. *See Roanoke River Basin Ass'n v. Hudson*, 991 F.2d 132, 139 (4th Cir. 1993). ("[W]e look beyond the issue on which the petitioner prevailed to determine, from the totality of the circumstances, whether the government acted reasonably in causing the litigation or taking a stance during litigation."); *Jackson v. Chater*, 94 F.3d 274, 278 (7th Cir. 1996) (explaining the [EAJA] requires a single substantial justification determination that "simultaneously encompasses and accommodates the entire civil action").

3

28 U.S.C. § 2412.[2] *See Shalala v. Schaefer*, 509 U.S. 292, 300-01 (1993) (explaining a party obtaining remand order pursuant to sentence four of § 405(g) satisfies the prevailing party threshold). Rather, the primary issue before the Court is whether the Commissioner was substantially justified in making and defending his decision to deny Plaintiff benefits. *See* 28 U.S.C. § 2412(d)(1)(A) & (2)(D) (explaining "a court shall award to a prevailing party . . . fees . . . unless the court finds that the position of the United States was substantially justified . . ." and defining "position of the United States" as "the position taken by the United States in the civil action [and] the action or failure to act by the agency upon which the civil action is based"); *see also Roanoke River Basin Ass'n v. Hudson*, 991 F.2d 132, 138 (4th Cir. 1993) ("[I]t is clear that [through EAJA,] Congress intended to address governmental misconduct whether that conduct preceded litigation, compelling a private party to take legal action, or occurred in the context of an ongoing case through prosecution or defense of unreasonable positions."); *Schock v. United States*, 254 F.3d 1, 5 (1st Cir. 2001) (explaining "courts are to examine both the prelitigation

---

[2] This court assumes, without deciding, that Plaintiff is a "party" under the EAJA, having a net worth not exceeding $2 million when this civil action was filed, and is therefore eligible for a fee award. *See* 28 U.S.C. § 2412(d)(2)(B). Plaintiff has not submitted evidence or allegation as to her net worth in her fee application. *See Sosebee v. Astrue*, 494 F.3d 583, 588 (7th Cir. 2007) (court may consider an affidavit or other competent evidence in the record supporting a finding that applicant qualifies as a "party"); *Dixon v. Astrue*, No. 5:06-CV-77-JG, 2008 U.S. Dist. LEXIS 9903, at *6 n.2, 2008 WL 360989, at *2 n.2 (E.D.N.C. Feb. 8, 2008) (finding plaintiff satisfied eligibility requirement through her application to proceed *in forma pauperis* allowed by the court). However, the government does not contest her eligibility and the record demonstrates at least that at the time suit commenced Plaintiff earned no income and relied solely on her husband for financial support. (R.11, 25, 26, 42, 102, 103); s*ee D'Amico v. Industrial Union of Marine & Shipbuilding Workers of Amer.*, 630 F. Supp. 919, 922-23 (D. Md. 1986) ("It appears more consistent with the purposes of the [EAJA] to find that while it is advisable that applicants for EAJA fees indicate in the application, by affidavit or allegation, that they are eligible to receive such fees, the applicant need not prove such eligibility until some objection to their eligibility is raised by the government."); *Shooting Star Ranch, LLC. v. United States*, 230 F.3d 1176, 1178 (10th Cir. 2000) ("<u>When challenged</u> as to the eligibility for an EAJA award, the party seeking such an award must do more than make a bare assertion that it meets the statutory criteria.") (emphasis added).

actions or inaction of the agency on which the litigation is based and the litigation position of the United States" in order to determine if the government's position was substantially justified).

## B. Substantially Justified

Although the EAJA does not define "substantial justification," the Supreme Court has defined the term to mean "justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). The substantial justification framework examines "from the totality of the circumstances, whether the government acted reasonably in causing the litigation or in taking a stance during the litigation." *Roanoke River Basin Ass'n*, 991 F.2d at 139. This standard therefore evaluates the Commissioner's action to establish whether it had a reasonable basis in both law and fact, allowing for the conclusion that a "genuine dispute" exists between the parties. *Pierce*, 487 U.S. at 565. "In other words, favorable facts will not rescue the government from a substantially unjustified position on the law; likewise, an accurate recital of law cannot excuse a substantially unjustified position on the facts." *Thompson v. Sullivan*, 980 F.2d 280, 281 (4th Cir. 1992). As identified by the First Circuit, additional "rules of analysis" have emerged with respect to the substantial justification determination:

- The mere fact that the government does not prevail is not dispositive on the issue of substantial justification.
- Conversely, that the government succeeded at some stage of the litigation does not by itself prove the requisite level of justification.
- Nonetheless, the legislative history of the EAJA indicates courts should look closely at cases where there was judgment on the pleadings or a directed verdict against the government or where an earlier suit by the government on the same claim had been dismissed.
- Whether one court agreed or disagreed with the government does not establish that the government's position was not substantially justified, but a string of court decisions going either way can be indicative.

5

> - When the issue is a novel one on which there is little precedent, courts have been reluctant to find the government's position was not substantially justified.

*Schock*, 254 F.3d at 5-6 (citations omitted); *but see United States SEC v. Zahareas*, 374 F.3d 624, 627 (8th Cir. 2004) ("[T]he mere fact that the government advances a novel argument does not automatically insulate it from EAJA liability"). The Commissioner bears the burden of proof in demonstrating that his position in the underlying litigation position was substantially justified. *See id.* However, the Commissioner does not carry the entire weight of this burden because the district court retains discretion to find *sua sponte* "that the record before it demonstrates that substantial justification exists for a litigation position." *Campbell v. Bowen*, 800 F.2d 1247, 1249 (4th Cir. 1986).

1. *Pre-litigation/Administrative Phase*

S.S.R. 00-4p provides that an ALJ must "[i]dentify and obtain a reasonable explanation for *any* conflicts between occupational evidence provided by VEs . . . and information in the [DOT]." S.S.R 00-4p, 2000 SSR LEXIS 8, at *12000 WL 1898704, at *1 (emphasis added). Here, after testifying at the administrative hearing as to jobs that Plaintiff could perform, the VE stated that his testimony was consistent with the DOT. The ALJ acknowledged the VE's statement in the administrative decision accordingly.

"[I]n order for a vocational expert's opinion to be relevant or helpful, it must be based upon a consideration of all other evidence in the record, and it must be in response to proper hypothetical questions which fairly set out all of claimant's impairments." *Walker v. Bowen*, 889 F.2d 47, 50 (4th Cir. 1989) (citation omitted). In this case, the VE based his opinion on the ALJ's adequately explained RFC findings. *See Bellamy v. Apfel*, 110 F. Supp. 2d 81, 92 (D.

6

Conn. 2000) (explaining the ALJ "was entitled to assume that the VE responded specifically to the limitations included in the ALJ's hypothetical"). Moreover, the ALJ made a legitimate attempt to identify any conflict between the VE's testimony and the information contained in the DOT in conformance with the mandate of S.S.R. 00-4p. *See* S.S.R. 00-4p, 2000 WL 1898704, at *2 ("At the hearings level, as part of the [ALJ's] duty to fully develop the record, the [ALJ] will inquire, on the record, as to whether or not there is such consistency"); *see also Brock v. Astrue*, No. 7:06-CV-62-D(2), 2007 U.S. Dist. LEXIS 89602, at *16, 2007 WL 4287721, at *6 (E.D.N.C. Dec. 5, 2007) (noting the ALJ's inquiry as to whether the VE's descriptions were consistent with the DOT and the VE's affirmative response based on professional knowledge and personal observations "resolved any possible conflicts with the DOT descriptions"). The ALJ's reference to S.S.R. 00-4p in his decision reveals that he understood the importance of inquiring into whether a conflict existed between the between the VE's testimony and the DOT. The Court notes further that Plaintiff's representative had the opportunity to specifically question the VE about the alleged conflicts between the VE's testimony and the DOT but failed to do so. *See Johnson v. Chater*, 969 F. Supp. 493, 509 (N.D. Ill. 1997) ("[W]hen an applicant for social security benefits is represented by counsel the [ALJ] is entitled to assume that the applicant is making his strongest case for benefits.") (*quoting Glenn v. Secretary of Health & Human Servs.*, 814 F.2d 387, 391 (7th Cir. 1987)). As no conflict was suggested, nothing during the administrative hearing triggered any reason for the ALJ to "obtain a reasonable explanation" for and explain his resolution of conflicts.

Simply put, the ALJ ensured that the administrative proceedings were conducted at the final sequential level in a manner satisfying the basic requirements of the Commissioner's

regulations, including S.S.R. 00-4p, as those requirements have been applied in the decisional authority of the Fourth Circuit. The decision to remand the case was not the result of the ALJ's disregard of S.S.R. 00-4p or an intentional misapplication of this regulation to the specific facts of the case. Nor was the decision to remand the result of the ALJ's substantially unjustified position on the facts. Rather, remand was the result of Plaintiff's identification of a discrepancy between the VE's testimony and the DOT subsequent to the administrative hearing and raised in this Court as an issue of first impression. *See Yurek*, 2009 U.S. Dist. LEXIS 78922, at *31, 2009 WL 2848859, at *9 (noting that "this Court has not had occasion to consider [whether the RFC to perform simple, routine and repetitive tasks' is inconsistent with a reasoning level of three and thereby requiring the ALJ to elicit an explanation from the VE"). Given the Court had no authority to reconcile the discrepancy raised by Plaintiff and could not substitute its own vocational judgment as to whether Plaintiff could perform the jobs identified by the VE, remand to the ALJ was necessary to address the conflict. *See Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) ("In reviewing for substantial evidence, [the court should not] undertake to re-weigh conflicting evidence . . . or substitute [its] judgment for that of the Secretary.") (quoting *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996)).

2.  *Litigation/Judicial Phase*

The Commissioner maintains that he was substantially justified in defending the case because he "did not know whether this Court would agree with the Government's position" that an RFC to perform simple, routine and repetitive tasks is consistent with a reasoning level of three. Def.'s Opp'n at 4.

8

This court agrees that both the uncertainty in the law arising from conflicting authority as well as the novelty of the question within the Fourth Circuit weighs in the government's favor when analyzing the reasonableness of the government's litigation position. During the course of the under lying litigation, there was no Fourth Circuit precedent on the issue of whether a limitation to "simple, routine and repetitive tasks" conflicted with the DOT reasoning level of three. In fact, at the time of the underlying action, case law within this Circuit bearing directly on the issue of what reasoning levels under the DOT correspond to a limitation to "simple routine repetitive tasks" was sparse (and remains so). *See Burnette v. Astrue*, No. 2:08-CV-009-FL, 2009 U.S. Dist. LEXIS 24656, 2009 WL 863372 (E.D.N.C. Mar. 23, 2009) (finding the RFC to perform simple, routine and repetitive tasks is consistent with a reasoning level of 2); *Jernigan v. Astrue*, 2008 U.S. Dist. LEXIS 87758, 2008 WL 4772202, at *3 (E.D.N.C. Oct. 28, 2008) (equating a limitation to "simple, routine, repetitive job tasks" to a reasoning level of one); *Jones v. Astrue*, 5:07-CV-452-FL, 2009 U.S. Dist. LEXIS 108621, 2009 WL 455414 (E.D.N.C. Sept. 2, 2009) (holding "the RFC to perform simple, routine and repetitive tasks is consistent with a reasoning level of 2 and declining to decide whether such an RFC is consistent with a reasoning level of three); *Tadlock v. Astrue*, No. 8:06-3610-RBH, 2008 U.S. Dist. LEXIS 16629, 2008 WL 628591 (D.S.C. Mar. 4, 2008) (finding the limitation to simple routine tasks corresponds to a DOT reasoning level of one).

At the time of the underlying action, neither the Fourth Circuit nor this district had considered whether a limitation to simple tasks is inconsistent with a reasoning level of three, thereby requiring the ALJ to elicit an explanation from the VE. Thus, case law reflected an ongoing debate on the issue of whether a conflict existed between a limitation to simple tasks

and the DOT reasoning levels. Accordingly, under the "totality of the circumstances" the administrative record was arguably defensible and the government's position was therefore substantially justified as regards this issue. The court therefore recommends denying Plaintiff's EAJA claim for attorney's fees and expenses.

### III. CONCLUSION

For the reasons stated above, this Court RECOMMENDS Plaintiff's motion be denied. The Clerk shall send copies of this Memorandum and Recommendation to counsel for the respective parties, who have fourteen (14) days upon receipt to file written objections. Failure to file timely written objections shall bar an aggrieved party from receiving a de novo review by the District Court on an issue covered in the Memorandum and Recommendation and, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions not objected to, and accepted by, the District Court.

This, the 4th day of February, 2010.

Robert B. Jones, Jr.
United States Magistrate Judge