IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:08-CV-500-FL

| | |
|---|---|
| SUSAN G. YUREK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

This matter is before the court on the Memorandum and Recommendation ("M&R") of United States Magistrate Judge Robert B. Jones, Jr. (DE # 32), regarding plaintiff's motion for attorney's fees and costs pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d) (DE # 27). Plaintiff filed objections to the M&R on February 22, 2010 (DE # 33). This matter is now ripe for ruling.

## STATEMENT OF THE CASE

Plaintiff initiated this case on March 7, 2006, seeking disability insurance benefits payments. Her claim was denied initially and upon reconsideration. After a hearing before an administrative law judge ("ALJ"), who again denied plaintiff's request for benefits, the Appeals Council denied her request for review. Thereafter, plaintiff filed a complaint in this court seeking review of the final decision denying her benefits. Both plaintiff and defendant filed motions for judgment on the pleadings, which were referred to Judge Jones for M&R.

On September 1, 2009, the court adopted the M&R entered July 28, 2009. The court granted

plaintiff's motion for judgment on the pleadings, denied defendant's motion for judgment on the pleadings, and remanded this matter to the ALJ to address the conflict between the jobs identified by the vocational expert ("VE") and the Dictionary of Occupational Titles's ("DOT") classification of said jobs. More specifically, the court held the ALJ failed to comply with Social Security Ruling 00-4p, which requires an ALJ to obtain a reasonable explanation for any conflicts between the testimony provided by a VE and the DOT. As explained in the July 28, 2009 M&R, adopted by this court, the ALJ in this case failed to resolve a conflict between the VE's testimony that plaintiff could perform jobs requiring a DOT reasoning level of three with the ALJ's limitation that plaintiff perform simple, repetitive, and routine tasks, which corresponds with a DOT reasoning level of one or two. This court has held that a limitation to simple, repetitive, routine tasks is consistent with a DOT reasoning level of two. See Burnette v. Astrue, No 2:08-CV-9-FL, 2009 WL 863372, at *5 (E.D.N.C. Mar. 24, 2009). Prior to this case, however, this court had not considered whether a limitation to simple, routine, and repetitive tasks is inconsistent with a DOT reasoning level of three. The case was remanded to allow the ALJ to elicit a reasonable explanation for this conflict before relying on the VE's testimony.

## DISCUSSION

A.  Standard of Review

To assist it in making a determination, a district court may "designate a magistrate judge . . . to conduct hearings, including evidentiary hearings, and submit to a judge of the court proposed findings of fact and recommendations for disposition" of a variety of motions. 28 U.S.C. § 636(b)(1)(A)-(B). "The magistrate judge shall file his proposed findings and recommendations . . . with the court." 28 U.S.C. § 636(b)(1)(C). Upon careful review of the record,

2

"the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id. The court is obligated to make *de novo* determinations of those portions of the M&R to which specific objections have been filed. 28 U.S.C. § 636(b)(1)(C); see also Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983).

B.  The Equal Access to Justice Act

As stated in the M&R, the primary issue before the court is whether defendant was substantially justified in making and defending its decision to deny plaintiff benefits. See 28 U.S.C. § 2412(d)(1)(A) & (2)(D). Under the EAJA, the

> court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action (other than cases sounding in tort) . . . brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). The government's "position" encompasses both the prelitigation conduct and the subsequent litigation position. Crawford v. Sullivan, 935 F.2d 655, 656-57 (4th Cir. 1991).

"[W]hen determining whether the government's position in a case is substantially justified, we look beyond the issue on which the petitioner prevailed to determine, from the totality of circumstances, whether the government acted reasonably in causing the litigation or in taking a stance during the litigation." Roanoke River Basin Ass'n v. Hudson, 991 F.2d 132, 139 (4th Cir. 1993). The government's position is "substantially justified" if it was "justified to a degree that could satisfy a reasonable person" and has a "reasonable basis both in law and fact." Pierce v. Underwood, 487 U.S. 552, 565 (1988). Indeed, the intent behind the EAJA is to "penalize unreasonable behavior on the part of the government without impairing the vigor and flexibility of

3

its litigating position." United States v. B & M Used Cars, 860 F.2d 121, 124 (4th Cir.1988) (quoting Pullen v. Bowen, 820 F.2d 105, 107 (4th Cir.1987)). The government's "position in the district court normally would be substantially justified if, as is usual, [it] does no more than rely on an arguably defensible administrative record." Guthrie v. Schweiker, 718 F.2d 104, 108 (4th Cir.1983). Whether the government's position is substantially justified is left to the discretion of the court. Pierce, 487 U.S. at 557.

C. Plaintiff's Objections

Plaintiff objects to the M&R, arguing that defendant's position was not substantially justified for what appears to be two reasons.[1] First, plaintiff objects to the magistrate judge's "adopt[ion]" of "'rules of analysis' in its definition of 'substantial justification' from the First Circuit Court of Appeals." (Pl.'s Objs. at 1.) Second, plaintiff objects to the magistrate judge's final conclusion because "precedent was overwhelmingly against the Commissioner's position." (Pl.'s Objs. at 3.)

Turning to plaintiff's first objection, plaintiff specifically objects to the magistrate judge's "adopt[ion] [of] the First Circuit's requirement that '[w]hen the issue is a novel one on which there is little precedent, courts have been reluctant to find the government's position was not substantially justified.'" (Pl.'s Objs. at 1 (quoting M&R entered February 4, 2010 at 5 (citing Schock v. United States, 254 F.3d 1, 5 (1st Cir. 2001))).) Plaintiff argues there is no such requirement under case law in the Fourth Circuit.[2]

As an initial matter, plaintiff's objection misrepresents the analysis in the M&R. The

---

[1] In accord with Local Civil Rule 72.4, which requires specific objections to the M&R, the court shall construe plaintiff's objections in as specific a manner as possible.

[2] Here it appears that plaintiff does not object to the magistrate judge's conclusion, but rather to his analysis. Plaintiff admits that once the "rules of analysis" are "imported into Fourth Circuit law," the magistrate judge's conclusion logically follows. (Pl.'s Objs. at 1.)

4

magistrate judge did not "import" an additional requirement into Fourth Circuit law, as plaintiff charges. The quote plaintiff specifically objects to is merely an observation of how other courts have ruled when there is little precedent. See Schock, 254 F.3d at 6 ("When the issue is a novel one on which there is little precedent, courts have been reluctant to find the government's position was not substantially justified. See, e.g., Washington v. Heckler, 756 F.2d 959, 961-62 (3d Cir.1985)."). Indeed, in the very next sentence of the M&R the magistrate judge notes that courts have found the government's position was not substantially justified when there was no controlling precedent. (M&R entered February 4, 2010 at 6 ("[T]he mere fact that the government advances a novel argument does not automatically insulate it from EAJA liability." (citing United States SEC v. Zahareas, 374 F.3d 624, 627 (8th Cir. 2004))).) The magistrate judge simply observed that "courts have been reluctant" to find the government's position was not substantially justified when there is little precedent on the issue; he did not adopt a *per se* rule regarding how courts must rule when there is little precedent.

This analysis, plaintiff argues, is not "required" under the governing precedent defining "substantially justified" in the Fourth Circuit. See Hudson, 991 F.2d at 139. Hudson states that courts should "look beyond the issue on which the petitioner prevailed to determine, from the totality of the circumstances, whether the government acted reasonably in causing the litigation or taking a stance during litigation." Id. (emphasis added). Hudson does not restrict courts in this circuit from surveying how other courts have interpreted the reasonableness of the government's actions. The totality of circumstances includes any available objective indicia of whether defendant's position was reasonable, which includes "view of other courts on the merits." Pierce, 487 U.S. at 568. Moreover, while the absence of binding precedent does not *ipso facto* make the government's position

5

substantially justified, it does in fact seem that courts are reluctant to find the government's position not substantially justified in this scenario, as the magistrate judge noted. See, e.g., Washington, 756 F.2d at 961-62; S & H Riggers & Erectors, Inc. v. Occupational Safety & Health Review Comm'n, 672 F.2d 426, 431 (5th Cir. 1982) ("One instance where Congress felt that a fee award would be inappropriate occurs when the government is advancing in good faith a novel but credible extension and interpretation of the law." (internal quotation marks omitted); Hoang Ha v. Schweiker, 707 F.2d 1104, 1106-07 (9th Cir. 1983).

Plaintiff also objects to the M&R because "precedent was overwhelmingly against the Commissioner's position." (Pl.'s Objs. at 3.) In fact, the remanded issue was a matter of first impression in this court. During the underlying litigation, there was no Fourth Circuit precedent on the question of whether a limitation to simple, routine, and repetitive tasks is inconsistent with a reasoning level of three. (See M&R entered February 4, 2010 at 8-10; M&R entered July 28, 2009 at 18.) The M&R entered on July 28, 2009 noted the magistrate judge was aware of only two cases holding that a limitation to simple, routine, and repetitive tasks is not inconsistent with a reasoning level of three, while a number of other cases held the opposite. (See M&R entered July 28, 2009 at 18-19.) None of these cases were from the Fourth Circuit however, and thus were not binding on this court during the underlying litigation. While persuasive precedent was on plaintiff's side, there was no binding precedent foreclosing defendant's argument. Defendant did not stake out its position in bad faith, and did not "ignore[] this circuit's law or ignore[] plentiful evidence." Thompson v. Sullivan, 980 F.2d 280, 282 (4th Cir. 1992). Rather, it took a reasonable position justified by the law and facts, and based on its own litigation interests. Though defendant's position was incorrect, the EAJA was not intended to apply to reasonable positions advanced by the government. See

Pierce, 487 U.S. at 566 n.2 ("[A] position can be justified even though it is not correct . . . ."); Ardestani v. INS, 502 U.S. 129, 138 (1991) ("The clearly stated objective of the EAJA is to eliminate financial disincentives for those who would defend against unjustified governmental action and thereby deter the unreasonable exercise of Government authority.").

Additionally, plaintiff argues that although defendant "ostensibly relies on the lack of binding precedent as the basis for its argument that it was substantially justified in litigating this case . . ., in fact [defendant] argued it was the Specific Vocational Preparation code of the DOT ("SVP") which should be used as a proxy for 'simple, routine, repetitive tasks,' . . . an argument that had been rejected in courts in this and other circuits." (Pl.'s Objs. at 2.) Notwithstanding plaintiff's argument, defendant was substantially justified in defending its position. The court may consider the totality of the circumstances in deciding whether defendant's position was substantially justified. Campbell v. Bowen, 800 F.2d 1247, 1249 (4th Cir. 1986) (holding that a failure to "clearly articulate the reasonableness of the Secretary's position" does not prevent a district court from finding "that the record before it demonstrates that substantial justification exists for a litigation position.").

In sum, defendant was justified in defending its case because it did not know whether the court would agree with its position. Though defendant's position was ultimately found incorrect by this court, it was reasonable in light of the law and facts of the case. The law was not settled during the underlying litigation, and though defendant did not prevail, it was not unreasonable to try. The court agrees with the magistrate judge: "[B]oth the uncertainty in the law arising from conflicting authority as well as the novelty of the question within the Fourth Circuit . . ." support a conclusion that defendant's position was substantially justified. (M&R entered February 4, 2010.)

## CONCLUSION

For the foregoing reasons, upon *de novo* review of those portions of the magistrate judge's M&R to which specific objections have been filed, and upon a considered review of the uncontested proposed findings and conclusions, the court ADOPTS as its own the magistrate judge's recommendations (DE # 32) and overrules plaintiff's objections (DE # 33) for the reasons stated herein. Accordingly, plaintiff's motion for attorney's fees (DE # 27) is DENIED. The clerk is DIRECTED to close the case.

SO ORDERED, this the 1st day of April, 2010.

LOUISE W. FLANAGAN
Chief United States District Judge